United States District Court
Southern District of Texas

**ENTERED**

September 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-16-509 |
| | § | CIVIL ACTION NOS. H-17-3305 and |
| JAVIER XAVIER PERALES-MARINA | § | H-18-2029 |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Motion for Summary Judgment and Response to Motion for relief under 28 U.S.C. § 2255 (Document No. 56), and Defendant/§ 2255 Movant Javier Xavier Perales-Marina's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document Nos. 42 & 51). Having considered Perales-Marina's § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Motion for Summary Judgment and Response in Opposition to Perales-Marina's § 2255 Motion, the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion for Summary Judgment be GRANTED and that Perales-Marina's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED and DISMISSED with prejudice.

## I.    Introduction and Procedural History

Movant Javier Xavier Perales-Marina ("Perales-Marina") is currently in the custody of the United States Bureau of Prisons. He is seeking federal habeas corpus relief under 28 U.S.C. § 2255.

On November 16, 2016, Perales-Marina was charged by Indictment with being unlawfully present in the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). (Document No. 1). He pled guilty on January 19, 2017, without a plea agreement. (Document No. 15). A presentence investigation report was then prepared, to which no objections were filed. On April 21, 2017, Perales-Marina was sentenced to 48 months confinement, a sentence above the calculated guideline range of 24-30 months incarceration, to be followed by a three year term of supervised release. (Document No. 28). Judgment was entered on April 28, 2017. (Document No. 32).

Perales-Marina was advised of his right to appeal, and did so through counsel, with counsel filing an *Anders* brief. On May 9, 2018, the Fifth Circuit dismissed the appeal as frivolous. (Document Nos. 48 & 49). This § 2255 proceeding, because it was filed by Perales-Marina twice, once before, and once after, the Fifth Circuit ruled on his direct appeal, is timely.[1]

In response to Perales-Marina's § 2255 motion, the Government seeks summary judgment, and the dismissal of Perales-Marina's claims on the merits. As of this date, Perales-Marina has not filed a response in opposition to the Government's Motion for Summary Judgment. This § 2255 proceeding is ripe for ruling.

## II.    Claims

In his § 2255 Motion(s), Perales-Marina raises four claims of ineffective assistance of counsel, contending that counsel was ineffective for:

---

[1] The two § 2255 motions, filed in Civil Action Nos. H-17cv3305 and H-18cv2029, were consolidated on June 28, 2018 (Document No. 55).

(1)     failing to obtain a downward departure based on his limited role in the offense;

(2)     failing to promptly/timely file objections to the presentence investigation report;

(3)     failing to apprise him of the consequence of his guilty plea, including the immigration consequences; and

(4)     failing to obtain a less harsh sentence.

The Government argues in its Motion for Summary Judgment that each of those ineffectiveness claims fails on the merits.

## III.   Discussion

Perales-Marina faults counsel for the above-guideline-range sentence he received, arguing that counsel should have obtained a downward departure based on his limited role in the offense; complains about counsel's failure to file timely objections to the presentence investigation report; and failure to obtain a less harsh sentence. Perales-Marina also complains that counsel was ineffective for failing to advise him about the immigration consequences of his guilty plea. Each of these claims, while cognizable in a § 2255 proceeding, fail on the merits.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may challenge his conviction on the basis that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Motions brought pursuant to § 2255 are reserved for claims of constitutional or jurisdictional significance. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); *Limon-Gonzalez v. United States*, 499 F.2d 936, 937

(5th Cir. 1974).

Claims of ineffective assistance of trial counsel, which are claims of constitutional significance under the Sixth Amendment, are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id.* at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the

4

judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight.

The record shows that Perales-Marina was charged in a one-person, one count indictment with illegal reentry following deportation. He was represented by Jules Evan Johnson of the Federal Public Defenders' Office, and pled guilty to the indictment without a plea agreement. Additionally, as complained about by Perales-Marina, counsel did not file objections to the presentence investigation report, but did file a timely statement of non-opposition to the presentence investigation report (Document No. 21). At sentencing, based on the District Court's conclusion that a sentence within the advisory Guideline range was inadequate, Perales-Marina was sentenced to 48 months confinement, well above the calculated, advisory guideline range of 24-30 months. The Court explained the rationale for the 48 month sentence, as follows:

> All right. Having heard the submissions I have found in this matter and the background with respect to this defendant that he has been deported from the United States on seven previous occasions, he has been granted what appear[s] to me to be, anecdotally at least, unprecedented leniency after having repeated the driving while intoxicated convictions in this country and being deported, being allowed to plea to

simply unlawfully reentering the United States at a place other than designated by immigration authorities.

So it was in April of 2012 he had such a conviction and was deported in June of 2012 to Mexico. He was back and had another such conviction, which he pled guilty, in 2013, and in April of 2013 again was deported to Mexico, then back in the United States with possession of cocaine and a conviction and then a burglary conviction for knowingly and unlawfully reentering at a place other than designated, deported to Mexico in July of 2014, then driving, another conviction for driving while intoxicated this time. Well, first that was 2014, then deported again after unlawfully entering the wrongful place, deported in November of 2015 and back in the United States now intoxicated with his third or more convictions, and so it goes to a criminal history score of 16 points.

And apart from any reference to juvenile or other records, the 16 criminal history points is considerably less than would be the case had the defendant been convicted of each of those instances for illegal reentry in this particular case, it was all part of the leniency that he has been granted, but in the face of all that leniency has continued to defy the laws of the United States. He has continued to flaunt the laws of the United States and continued as a recidivist time and time again to illegally reenter the United States. The criminal history category, while a maximum of 6, nonetheless, based upon fewer points would be warranted based upon his criminal history.

In addition, when he has been here, he has continued to put the citizens of this country at great risk by his repeated driving while intoxicated, third time, third conviction and now of that serious crime. Fortunately there is no report of death or serious injuries as a result of any of those, but one never knows when the next one will happen and the next death will occur.

Having considered all of these I find that a sentence at the guidelines, the advisory guidelines in this case is not sufficiently adequate[ ] and the recommended guideline range is not adequate really to achieve the purposes of Section 3553(a). Under Section 3553(a) the Court is obliged to consider the nature and circumstances of the offense, which I have delineated, along with the history and characteristics of the defendant, which I have described and which are reported in the presentence investigation report.

The sentence that's required to be imposed is to reflect the seriousness of the offenses, which has never been achieved before with this defendant, to promote respect for the law – and no prior sentence has been sufficient to do that – and to provide just punishment for the offense, which time and again it appears that the defendant has managed to avoid.

6

Also the Court is required to consider what sentence is necessary to afford adequate deterrence to criminal conduct; that it is well established by the conduct of this, criminal conduct of this defendant that lenient sentences are no deterrent to him whatever. He simply flaunts the laws of this country and defies them time and again.

And then the Court is required to consider a sentence that will protect the public from further crimes of the defendant. These crimes, most particularly his propensity to drive while intoxicated, put at great risk the public; and no explanation of that is required. And in order to protect the public from further crimes of this defendant, a sentence must be fashioned which, in the opinion of the Court, is greater than what is recommended under the guidelines in this particular instance.

So, considering these and other factors under Section 3553(a), the Court will state the sentence that it intends to impose and will permit any legal objections, if there are any, to be made before it is finally imposed.

Pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that the defendant, Javier Xavier Perales-Marina, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 48 months.

Sentencing Transcript (Document No. 40) at 7-10. Following sentencing and the entry of a Judgment of Conviction, counsel for Perales-Marina, at Perales-Marina's behest, filed an appeal of that sentence, but submitted an *Anders* brief. The Fifth Circuit, on April 17, 2018, dismissed the appeal upon concurrence with the position of counsel in the *Anders* brief that there were no non-frivolous issues for appeal.

In this § 2255 proceeding, Perales-Marina complains of counsel's effectiveness at sentencing. Each of those sentencing-related complaints of ineffectiveness are belied by the record. First, because Perales-Marina was charged in a one-person indictment, there was no reasonable basis for his counsel to ask for a downward departure based on his limited role in the offense. As for Perales-Marina's complaints about counsel's failure to file objections to the presentence investigation report, Perales-Marina has not articulated what objections should have been raised, nor has he made any showing that any objection would have affected the sentence he received. As for his complaints that

counsel was unable to secure a less harsh sentence, Perales-Marina has not articulated or shown what his counsel should have done, or argued, that would have convinced the Court impose a sentence less than that which was imposed. As set forth above, the Court based the 48 month sentence it imposed on Perales-Marina's extensive criminal history, that the Court determined was not adequately reflected in the advisory guideline calculation. Perales-Marina has come forth with no viable argument that could have overcome the Court's reasoned determination that the guideline range was inadequate. Finally, while Perales-Marina complains that counsel did not advise him about the immigration consequences of his guilty plea, Perales-Marina testified at his Rearraignment proceeding that he had conferred with his attorney about "the probability, perhaps the certainty of your being deported from the United States if [he were] found guilty." Rearraignment Transcript (Document No. 37) at 12. That statement by Perales-Marina at his Rearraignment carries a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In all, Perales-Marina's complaints about counsel's performance are refuted by the record. The record shows, simply and directly, that Perales-Marina was sentenced above the Guideline range based on the District Court's determination that the Guideline range was inadequate under 18 U.S.C. § 3553(a) given the nature and extent of Perales-Marina's criminal history. Nothing in Perales-Marina's complaints about counsel's performance have any bearing on that sentencing determination. As such, Perales-Marina's ineffectiveness claims fail on the merits and should be dismissed with prejudice.

## IV.    Conclusion and Recommendation

Based on the foregoing, and the conclusion that Perales-Marina is not entitled to any relief on any of his ineffective assistance of counsel claims, the Magistrate Judge

RECOMMENDS that the Government's Motion for Summary Judgment (Document No. 56) be GRANTED and Perales-Marina's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document Nos. 42 & 51) be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, this _27th_ day of September, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE